# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEVEN IVEY,**

        **Plaintiff,**

**v.**                               Case No: 6:17-cv-231-Orl-41GJK

**SEAN MCCORMACK and COLLING, GILBERT, WRIGHT, AND CARTER,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)
>
> **FILED:** February 8, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL BACKGROUND

On February 8, 2017, Plaintiff, proceeding *pro se*, filed a complaint (the "Complaint") against Defendants, an attorney and his law firm.[1] Doc. No. 1. The following facts are taken from the Complaint. Plaintiff was employed as a driver for Aircraft Services International Group ("ASIG"). *Id.* at 1. Plaintiff sustained workplace injuries and sought legal representation because

---

[1] In a cover sheet attached to the Complaint, Plaintiff asserts that the case arises under the Court's federal question jurisdiction and is based on the Fifth Amendment of the Constitution. Doc. No. 1-1.

ASIG denied responsibility for Plaintiff's injuries. *Id.* Plaintiff alleges that ASIG violated federal regulations from the Transportation Security Administration ("TSA").[2] *Id.* at 1-2, 4.

Sean McCormack, Plaintiff's then-attorney, allegedly told Plaintiff to apply for unemployment benefits rather than weekly wage replacement benefits under the workers' compensation rules. *Id.* at 1. Plaintiff states that such advice inhibited his claims for social security benefits and workers' compensation.[3] *Id.* at 3.

Plaintiff attended a mediation with ASIG regarding his workers' compensation claim. *Id.* at 1-2. During mediation, Defendants allegedly told Plaintiff to disregard his allegations regarding ASIG's alleged TSA violations.[4] *Id.* at 2. After mediation discussions failed, Plaintiff decided to terminate Defendants' representation. *Id.* Consequently, Defendants placed a lien on Plaintiff's workers' compensation claim. *Id.*

Based on the foregoing, Plaintiff asserts four claims. First, Plaintiff asserts a claim for fraudulent misrepresentation based on state law. *Id.* at 3. Second, Plaintiff states that Defendants assisted ASIG in avoiding responsibility for the alleged TSA violations. *Id.* at 4. Third, Plaintiff argues that Defendants' lien prevents him from obtaining further legal representation, violating his due process rights under the Fifth Amendment of the United States Constitution. *Id.* at 4-5. Fourth, Plaintiff requests that this Court determine how Defendants' alleged actions inhibited Plaintiff's application for social security benefits. *Id.* at 6.

---

[2] Plaintiff refers to the "TSA" throughout the Complaint. *Id.* However, Plaintiff does not state what the TSA is. Because the Plaintiff refers to federal regulations regarding trucking, the undersigned interprets Plaintiff's reference to the TSA as the Transportation Security Administration. *Id.* at 4.

[3] Plaintiff states that his application for unemployment benefits (which implies that Plaintiff could work) inhibited his claims for workers' compensation and social security benefits (which require that Plaintiff suffers from injuries or disabilities that prevent him from working). *Id.* at 3.

[4] During the mediation, ASIG apparently requested termination of Plaintiff's employment as a term of settlement. *Id.* at 2. Plaintiff was allegedly told that ASIG's alleged TSA violations have no bearing on Plaintiff having to accept such a term. *Id.* Plaintiff refused to accept the discharge, allegedly noting that it is discriminatory for an employer to seek discharge of an employee who has alleged TSA violations. *Id.*

On February 8, 2017, Plaintiff filed an Application to Proceed Without Prepayment of Fees (the "Motion"). Doc. No. 2. In support of the Motion, Plaintiff attaches an affidavit of indigency detailing his assets, investments, and obligations. Doc. No. 2-1. The Court interprets Plaintiff's application as a motion to proceed *in forma pauperis.*

II.     **STANDARD OF REVIEW**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court evaluates the plaintiff's financial status and determines whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, the Court must review the complaint and dismiss such complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).[5] The Court must also dismiss the complaint if it determines that it has no subject matter jurisdiction over the claims asserted. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502, 126 S.Ct. 1235, 1237, 163 L.Ed.2d 1097 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety").When the Court reviews the complaint, it must be liberally construed. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court has no obligation to rewrite a complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief can be granted. *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

---

[5] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

### III. ANALYSIS

#### A. Due Process

As stated above, Plaintiff asserts that Defendants' lien of his workers' compensation claim prevents him from seeking subsequent representation, violating his due process rights under the Fifth Amendment of the Constitution.[6] Doc. No. 1 at 4-6. The undersigned recommends that the Court dismiss Plaintiff's due process claim because it is asserted against private parties with no alleged nexus to the federal government.

Generally, the Fifth Amendment to the Constitution applies to the federal government. *See Dusenbery v. United States*, 534 U.S. 161, 167, 122 S.Ct. 694, 699, 151 L.Ed.2d 597 (2002). The Eleventh Circuit has held that the Fifth Amendment "do[es] not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" *National Broadcasting Co, Inc. v. Communications Workers of America, AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988) (citations omitted). Private action will be considered to be "state action" if there is such close nexus between the federal government and a defendant's alleged actions that "seemingly private behavior may be fairly treated as that of [the government] itself." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001). Here, Plaintiff asserts claims against a private person and a law firm, but does not allege any nexus between them and the federal government. Doc. No. 1. Plaintiff does not even mention the federal government in the Complaint. *Id.* Thus, without any allegation of Defendants' nexus to some sort of federal governmental action, Plaintiff's Fifth Amendment claim fails as a matter of law.[7]

---

[6] After reviewing the Motion, Plaintiff has provided sufficient evidence of his indigence. Doc. Nos. 2, 2-1. Thus, the undersigned will analyze the propriety of the Complaint.

[7] The Supreme Court has held that the Fourteenth Amendment applies to state governments. *Dusenbery*, 534 U.S. at 167. To the extent Plaintiff asserts a claim against Defendants under the Fourteenth Amendment, the above analysis still applies, but only as to a state government.

### B. Negation of ASIG's TSA Violations

Plaintiff also alleges that Defendants negated ASIG's alleged violations of TSA regulations, and thus assisted ASIG from being held accountable for such alleged violations. Doc. No. 1 at 4. In making such assertions, Plaintiff does not state a federal statute or constitutional provision as the basis for such claim. Federal courts contain two types of jurisdiction, subject matter jurisdiction and personal jurisdiction. *See U.S. v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984). "Subject-matter jurisdiction defines the court's authority to hear a given type of case…" *Id*. (citations omitted). The Fifth Circuit has held that "[i]n order for jurisdiction to exist on the ground of a federal question, the federal question must be an essential element of plaintiff's cause of action and must form an integral part of the case." *Cogswell v. Board of Levee Comm'rs of Orleans Levee Dist.*, 142 F.2d 750, 751 (5th Cir. 1944).[8] Because Plaintiff has not asserted a federal statute or constitutional provision as the basis for such claim, the undersigned finds that the Court lacks subject matter jurisdiction over it. Accordingly, the undersigned recommends that the Court dismiss Plaintiff's claim alleging Defendants aided ASIG in avoiding responsibility for alleged violation of TSA regulations. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### C. Federal Court Review of Claimant's Social Security Claim

Plaintiff also requests the Court determine how Defendants' alleged actions inhibited Plaintiff's application for social security benefits. Doc. No. 1 at 6. Plaintiff does not allege a specific cause of action, and solely asks for such relief. *Id.* The undersigned finds that the Court

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

does not have jurisdiction to provide such relief. 42 U.S.C. § 405(g) provides that the district court is only limited to reviewing the Commissioner of Social Security's (the "Commissioner") final decision, after such decision: 1) denies a claimant's benefits; and 2) is denied review by the Appeals Council of the Social Security Administration. 42 U.S.C. § 405(g). Here, Plaintiff does not allege that the Commissioner issued a final decision denying an application for social security benefits. Doc. No. 1. Furthermore, Plaintiff does not allege that the Appeals Council denied review of the Commissioner's final decision. *Id.* Thus, the Court is without jurisdiction to determine whether Defendants' alleged actions impacted any applications filed with the Commissioner. Accordingly, the undersigned recommends that the Court dismiss Plaintiff's claim for relief.[9]

### D. Leave to Amend

A *pro se* plaintiff must ordinarily be given one chance to amend his or her complaint if a district court dismisses the complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, a district court need not allow an amendment where such amendment would be futile. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citations omitted). The Eleventh Circuit "has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)). After reviewing the Complaint, the Court does not find amendment to be futile because it is unclear whether Plaintiff may be capable of properly asserting a federal claim against Defendants. Based on the foregoing, the undersigned recommends that the Court grant Plaintiff leave to file an amended complaint.

---

[9] Because Plaintiff's federal claims are due to be dismissed, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the remaining state law fraudulent misrepresentation claim. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir.1984)) (noting that the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when…the federal claims have been dismissed prior to trial").

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 2) be **DENIED**; and

2. The Complaint (Doc. No. 1) be **DISMISSED** without prejudice; and

3. Plaintiff be granted leave to do the following no later than twenty-one (21) days after the date the Court enters an order on this report and recommendation:

    a. File an amended complaint; and

    b. File a renewed application to proceed *in forma pauperis* or pay the filing fee in full.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by regular and certified mail.**

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 17, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy